IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PURITY MBURUGU, individually, and )
on behalf of all others similarly- situated )
                                )
       *Plaintiff*,               )
                                )   No. 26-cv-3454
        v.                   )
                                )   Amount Demanded:
BRISTOL WEST INSURANCE       )
COMPANY AND FARMERS GROUP, )
INC                                )
                                )
                                )
       *Defendant*.           )

## CLASS ACTION COMPLAINT

Plaintiff, Purity Mburugu ("Mburugu" or "Plaintiff"), on her own behalf and on behalf of others similarly-situated, complains of Defendants Farmers Group, Inc ("Farmers Group") and Bristol West Insurance Company ("Bristol West"), and seeks appropriate judicial relief, including attorneys' fees and costs, alleging that Defendants committed fraud, breach of contract and unfair business practice acts, stating as follows:

### Jurisdiction

1. Farmers Group is a California Corporation with its principal place of business in Woodland Hills, California. It is a citizen of California.

2. Bristol West Insurance Company ("Bristol West") is an Ohio Corporation with its principal place of business in Ohio. It is a citizen of Ohio.

3. Plaintiff does not currently know of the exact relationship between Farmers Group and Bristol West but she knows that Farmers Group markets both of their products and intentionally directed its marketing activities at Plaintiff as well as others similarly situated and that these activities benefit both entities and caused Plaintiff as well as those similarly situated, harm.

4. Plaintiff is a citizen of Kenya and a United States permanent resident who is domiciled in

1

Missouri.

5. Plaintiff has incurred damages of at least $100, including attorneys' fees. Plaintiff believes that there are at least 100,000 similarly situated customers of Defendants who have been subjected to the same conduct of which she complains. In aggregate, the damages exceed $5,000,000. Jurisdiction is thus proper under the Class Action Fairness Act.

6. Jurisdiction is also proper under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202 as the Plaintiff seeks a declaratory judgment that Defendants are not entitled to any payments from her.

7. Venue is proper pursuant to 28 U.S.C. § 1391 because Defendants reside in this district and the business conduct that forms the basis of the allegations also occurred in this judicial district.

**The Parties**

8. Farmers Group's principal business is underwriting and managing insurance business. At relevant times, it provided auto insurance services to Plaintiffs across the country, including in Illinois. Bristol West's principal business is underwriting insurance business. At relevant times, it provided auto insurance services to Plaintiffs across the country, including in Illinois.

9. Mburugu was at relevant times was a customer of Defendants.

**Background Facts**

10. On or about August 2025, Plaintiff was insured by the Defendants. She had been insured by the Defendants for more than one year and had a consistent record of timely premium payments. Her insurance monthly insurance premium of approximately $379 was due on August 25, 2025. Plaintiff had set up automatic payments for her account. However, on August 25, 2025 her payment did not go through.

11. On August 26, 2025, Plaintiff noticed that her premium payment had not gone through and

2

manually made a payment immediately for the full amount.

12. Upon information and belief, Defendants were required to provide Plaintiff with advance written notice before her policy could be cancelled. Defendants failed to do so.

13. On or about August 29, 2025, a Bristal West representative called Plaintiff and informed her that she did not have any active auto insurance effective August 25, 2025 because her premium payment had been rejected. Plaintiff thereafter asked to speak with her agent, Mathew Smith. Mr. Smith informed Plaintiff that for her insurance coverage to be reinstated, she needed to pay $425. Plaintiff protested because she was not told until August 29, 2025 that her insurance policy had been canceled, even though she had made full payment on August 26, 2025. Plaintiff informed Mr. Smith that she would not pay the $425 to reinstate her coverage, and that she would seek a new policy from a different insurance company.

14. Shortly thereafter, Plaintiff purchased a new auto insurance policy from Progressive Insurance Company and informed Mr. Smith, who asked for a copy of the declaration page from her new insurance policy, which Plaintiff provided.

15. Upon receiving Plaintiff's new declaration page, Defendants sent Plaintiff emails and mail indicating that they had reinstated his policy and deducted $237 from her checking account. Defendants also sent Plaintiff correspondence indicating that her policy had been cancelled on August 31, 2025. This was false because Plaintiff's policy had been cancelled on August 25, 2025.

16. On or about November 3, 2025 Defendants sent Plaintiff a letter demanding $142 even though she had been told that her policy had been cancelled effective August 25, 2025.

17. Shortly on or after November 3, 2025, Defendants sent Plaintiff's information to a collection agency. Plaintiff incurred out of pocket expenses exceeding $100 in dealings with the collection agency.

18. Plaintiff and Defendants had a valid and enforceable insurance contract that was in force at relevant times and Defendants' conduct constituted a breach of that contract. Defendants have physical custody of the contract. As a direct or proximate result of Defendants' conduct, Plaintiff suffered damages of a pecuniary nature.

## CLASS ACTION ALLEGATIONS

19. Plaintiff brings this action as a class action pursuant to Rule 23 Fed.R.Civ.P. on behalf of the following persons:

All customers of Defendants whose premium payments were not received on the dates on which they were due, whose policies were cancelled and from whom Defendants demanded reinstatement fees and sent their accounts to collection agencies.

20. **Numerosity**: The Class is so numerous that joinder of all Class Members is impracticable. On information and belief, at least one hundred thousand individuals satisfy the definition of the Class.

21. **Typicality**: Plaintiff's claims are typical of the Class.

22. **Adequacy**: Plaintiff will fairly and adequately protect the interests of the Class members; she has no interests antagonistic to the class, and she has retained experienced counsel who is capable of litigating the claims.

23. **Commonality**: Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class including but not limited to:

a. Whether Plaintiff's premium payment was received on time;

b. Whether Defendants lied to Plaintiff about when her policy was cancelled;

c. Whether Defendants' conduct constituted fraud;

4

    d.   Whether Defendants' conduct constituted breach of contract;

    e.   Whether Defendants' conduct constituted unfair business practices acts; and

    f.   Whether other relief should be granted based on Defendants' conduct.

24. Class Members do not have an interest in pursuing separate individual actions against Defendants, as the amount of each Class member's individual claims is relatively small compared to the expense and burden of individual prosecution.

25. Defendants' actions above constituted breach of contract against Class Members.

26. Defendants' actions above constituted fraud against Class Members.

27. Defendants' actions above constituted unfair business practices acts against Class Members.

28. A dispute has arisen between Plaintiff and Defendants as to their respective rights to make or receive insurance premium payments after cancellation of policy.

29. Plaintiff thus requests a Declaratory Judgment setting forth the respective rights of Plaintiff and Defendants regarding premium payments, if any, that are due after policy cancellation.

30. Class certification will also obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendants' business practices. Furthermore, it would be desirable, in the interests of judicial economy and efficiency, to concentrate litigation of all Class Members' claims in a single action.

31. Plaintiff intends to send notice to all Class Members. The names and addresses of the Class Members are available from Defendants' records.

    **WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for relief as follows:

A.  Designating Plaintiff's counsel as counsel for the Class;

B.  Issuing proper notice to the Class at Defendant's expense;

C.  A declaratory judgment that Defendants are not entitled to any premium payments from

Plaintiff after they cancelled their insurance policy that covered Plaintiff;

D.  Awarding appropriate damages to the Class;

E.  Granting such other and further relief as this Court deems appropriate.

Respectfully Submitted

/s/ Eric Onyango
Eric Onyango
Prime Legal, LLC
222 North Columbus Drive #1507
Chicago, IL 60601
Counsel for Plaintiff